UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SVETLANA PESTOVA & LUIS VOGAR<br><br>      Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE SERVICES<br>VELOCITY COMMERCIAL CAPITAL<br><br>      Defendants. | Civil Action No. <u>4:24-CV-03662</u> |

JOINT DISCOVERY/CASE
MANAGEMENT PLAN UNDER
FRCP 26(f)

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   **ANSWER**: George Scherer, counsel for Defendant, U.S BANK TRUST COMPANY, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL, LOAN TRUST 2024-2, called the number in the file and left voicemails for Plaintiffs on November 21,2024, November 22,2024 and November 26,2024 and received no return call from Plaintiffs. In addition, counsel for Defendant also sent emails to Plaintiffs on November 18,2024, November 21,2024, November 22,2024, and November 26,2024. Plaintiffs have not responded to the emails.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   **ANSWER:** N o n e .

3. **<u>Briefly</u> describe what this case is about.**

   **ANSWER:** Plaintiff filed suit to stay foreclosure proceedings that had been scheduled for September 3, 2024. The petition set forth claims for unjust enrichment, gross negligence, breach of contract, and injunctive relief. The claims

concern the application of insurance proceeds to the loan balance and the amounts remaining due under the loan agreement.  Defendant contends that reinstatement amount provide to Plaintiff is correct and that Plaintiff has failed to tendered the correct amount need to bring the loan current.  Defendant further alleges that Plaintiff's default under the loan agreement provides Defendant with authority to exercise the power of sale in the underlying Deed of Trust.

**List anticipated interventions.**

ANSWER:  None anticipated.

4. **Describe any class−action issues.**

   ANSWER:  None anticipated.

5. **State whether each party represents that it has made the initial disclosures required by FRCP26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   ANSWER:  Defendant has filed its Initial Disclosures.  Plaintiffs have no indicated when they will file their Initial Disclosures.  2024.

6. **Describe the discovery plan agreed by the parties by stating:**

   A. **What changes should be made in the timing, form or requirement for disclosures under Rule26(a).**
   ANSWER:  Defendant believes no changes need be made.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   ANSWER:   Plaintiff has not indicated when and to whom they anticipate  sending interrogatories.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   ANSWER: Defendant anticipates sending interrogatories to Plaintiff, if needed, within 30 days from the date it serves responses to any Interrogatories served by Plaintiff.  _____.

   D. **Of Whom and by when the plaintiff anticipates taking oral depositions.**

   ANSWER:  Plaintiff has not indicated when and of whom they anticipate  taking oral  depositions.

E. **Of Whom and by when the defendant anticipates taking oral depositions.**

**ANSWER:** Defendant do not anticipate taking oral depositions but if needed, will complete deposition of Plaintiffs by March 31, 2025.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**ANSWER**: _ Plaintiff has not indicated then they will designate experts and provide the required reports,
Defendant will be able to designate responding experts and provide reports within 60 days of Plaintiff's designation.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**ANSWER:** It is anticipated neither side will need to take expert depositions.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report).**

**ANSWER:** Defendant does not anticipate retaining experts in this case.

7. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **ANSWER:** Defendant is unaware of any disagreement with any part of the discovery plan.

8. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **ANSWER:** No other discovery has been served by either party.

9. **State the date the planned discovery can reasonably be completed.**

    **ANSWER:** All discovery can be completed by May 31,2025.

10. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    **ANSWER**: Defendant agrees to confer further with Plaintiffs in order to better understand the claims being made as that relates to the balance the lender believes is due and owing on the loan at the present time.

11. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **ANSWER:** Defendant agrees to provide updated figures with respect to the amount needed for payment and review with Plaintiffs to answer questions.

12. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **ANSWER:** The parties do not believe alternative dispute resolution is appropriate for this case. The issues presented will be resolved as a matter of law.

13. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **ANSWER:** The parties are not opposed to trial before a magistrate judge.

14. **State whether a jury demand has been made and if it was made on time.**

    **ANSWER:** Plaintiffs have not made a jury demand in its original petition.

15. **Specify the number of hours it will take to present the evidence in this case.**

    **ANSWER:** It is anticipated it will take one (1) to two (2) hour or less to present evidence in this case.

16. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **ANSWER:** Defendant's Rule 12(b)(6) Motion to Dismiss once filed.

17. **List other motions pending.**

    **ANSWER:** There are no other pending motions at this time.

18. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **ANSWER:** There are no additional or unusual matters that the Court needs to address at the conference.

**19. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**ANSWER:**

|  |  |
|---|---|
|  | , 2024 |
| Svetlana Pestova | Date |
| 10664 Oak Brook Drive |  |
| Houston, TX 77013 |  |
| svetlanapestovaofhouston@gmail.com |  |
|  |  |
| *(713) 855-6905* |  |

|  |  |
|---|---|
| Luis Vogar | Date |
| 10664 Oak Brook Drive |  |
| Houston, TX 77013 |  |
| svetlanapestovaofhouston@gmail.com |  |
|  |  |
| *(713) 855-6905* |  |

__/s/ George Scherer _____   11-26-24

George Scherer, Esq   Date
gscherer@ghidottiberger.com
State Bar Number 00784916
Counsel for Defendant
U.S. BANK TRUST COMPANY NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2024-2
16801 Addison Rd Suite 350
Addison, Texas 75001
Tel: (949) 427-2010 ext. 1029
Fax: (954) 780-5578